IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___eg___ D.C.

04 FEB 24 PM 4:26

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| SHARON POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 95-3010 M1V |
| | ) | |
| E.I. DUPONT DE NEMOURS & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DUPONT'S MOTION TO
QUASH SUBPOENA

Presently before the court is the January 29, 2004 motion of the defendant, E.I. DuPont De Nemours & Company ("DuPont"), pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, to quash a subpoena duces tecum served by the plaintiff, Sharon Pollard, on the custodian of records of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson"), the law firm representing Dupont in this case. This motion has been referred to the United States Magistrate Judge for determination. For the reasons that follow, the motion is granted in part and denied in part.

BACKGROUND

The underlying lawsuit in this matter has a lengthy history that has involved many courts, including one trip to the Sixth Circuit Court of Appeals and one to the United States Supreme Court. Pollard filed this lawsuit against Dupont in 1995, claiming she suffered sexual harassment and intentional infliction of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on __2-25-04__



emotional distress while employed at DuPont. On motion by DuPont, the court granted summary judgment in favor of DuPont on Pollard's claim of intentional infliction of emotional distress. The remaining sexual harassment claim was tried to United States District Judge Jon P. McCalla in a bench trial in 1997. On August 20, 1998, Judge McCalla found that Pollard had been subjected to a hostile work environment based on her gender in violation of Title VII and awarded her back pay and the maximum amount of compensatory damages allowed under Title VII plus attorney fees and costs. On appeal, the Sixth Circuit affirmed in part and reversed in part and remanded the intentional infliction of emotional distress claim for trial. An appeal was taken to the Supreme Court, and on June 4, 2001, the Supreme Court reversed the judgment of the court of appeals as to front pay and remanded the case for further proceedings on the issue of front pay. In light of the Supreme Court's decision, the Sixth Circuit remanded the case to the district court on the issue of front pay and also for trial on Pollard's state tort claim of intentional infliction of emotional distress. On October 22, 2003, Judge McCalla entered a final judgment in the action in favor of Pollard and awarded her a total of $4,303,215.00 in front pay, compensatory damages, and punitive damages.

Shortly before the District Court entered a final judgment, the plaintiff filed a motion, pursuant to § 706(k) of Title VII of the Civil Rights Act of 1964, as amended, seeking an award for attorney fees and costs incurred in litigating the issue of front pay after the U.S. Supreme Court rendered its decision. Pollard

2

also served a subpoena on the custodian of records at Baker Donelson in connection with those efforts, which requested the production, inspection, and copying of the following:

> Any and all documents, material, time records and invoices of all attorneys, paralegals, legal assistants, law clerks and staff of the Baker Donelson law firm memorializing any and all work activity of these persons relative to Baker Donelson's representation of Defendant in case #95-3010Ml V between June 4, 2002 and September 3, 2003.

(Def.'s Mot. to Quash Subpoena, Ex. 1.) DuPont has opposed Pollard's efforts to obtain additional attorney fees and has filed the present motion seeking to quash the subpoena of the time records of its counsel.

### ANALYSIS

In its motion, DuPont insists that the subpoena for its attorney's billing records should be quashed for several reasons. First, DuPont argues that the defense counsel's time records are irrelevant to the statutory fee dispute issue which focuses on the reasonable hourly rate and time expended by the plaintiff's counsel. Second, DuPont contends that the production of materials sought by the subpoena would be unduly burdensome. Third, DuPont asserts that the subpoena requires disclosure of privileged or other protected matter. Lastly, DuPont claims that the subpoena is ambiguous and overbroad. (Def.'s Mot. to Quash Subpoena at 1-2.)

A.  Relevancy of Subpoenaed Billing Information

The first issue this court must decide is the relevancy of Baker Donelson's time records to the plaintiff's motion for attorney fees and costs. In support of her subpoena, Pollard claims that the defense counsel's time and billing information are

3

relevant to the determination of the reasonableness of the plaintiff's attorney fees. (Pl.'s Resp. to Def.'s Mot. to Quash Subpoena at 1.) Pollard argues that the best way to determine the reasonableness of the time spent by her attorney in preparation for trial on the issue of front pay would be to compare that time to the time expended by opposing counsel in preparation for the same matter. (*Id.* at 1-2.)

This court has previously had an opportunity to address the relevancy of discovery into opposing counsel's billing information in connection with the fee petitions of the prevailing party. Order Granting in Part Plaintiff's Motion to Compel Production of Documents, *Davis v. Fidelity Technologies Corp.*, Civil Case No. 92-2091-HV (W.D. Tenn., June 4, 1998). In *Davis v. Fidelity Technologies Corp.*, this court noted that a split of authority exists regarding the relevance of the opposing party's billing information. *Id.* at 4. The court went on to explain:

> Some courts have held that discovery of opposing counsel fees and expenses may be irrelevant because one side may employ more experienced counsel who bills at a higher rate. *See Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). Or, the case may have greater precedential value to a defendant than a plaintiff, justifying the expenditure of more money in defense. *See Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978). Or, if faced with treble damages, a defendant may be willing to invest more money defending the case than a plaintiff would prosecuting the case. *See Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646 (7th Cir. 1985).
>
> Other courts have found evidence of the opposing party's attorney fees and expenses relevant to the reasonableness of plaintiff's fees. *Stastny v. S. Bell*, 77 F.R.D. 662, 663 (W.D.N.C. 1978)(allowing discovery of

4

billing rates of opposing counsel and number of hours each counsel worked during contest over plaintiff's fee petition); *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n*, 1996 WL 66111, *3 (N.D. Ill. 1996)(finding that discovery of NBA's litigation expenses while not determinative is reasonably calculated to lead to admissible evidence regarding the reasonableness of plaintiffs' attorney's fees). Furthermore, there is also authority that any characteristics unique to opposing counsel's fees, such as experience of counsel, risks involved, or greater precedential value, should go to the weight of the evidence rather than admissibility. *See Coalition to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61, 65, nn.2-3 (D. Del. 1992)(permitting discovery of opposing counsels' time, billing rates, total fees and expenses).

Three circuits have expressly recognized that the determination is within the discretion of the trial court and that it is not an abuse of discretion to refuse discovery of information regarding fees and expenses of opposing counsel. *Johnson*, 706 F.2d at 1208 (holding the district court did not abuse its discretion in quashing plaintiff's subpoena for defendant's records reflecting total hours of counsel, expenses incurred, and fees paid); *In Re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3rd Cir. 1984) (finding no abuse of discretion by district court in denying plaintiff's motion for in camera production of fees paid by defendants because such discovery could generate inquires into collateral matters even though information may have been relevant); *Ohio Sealy-Mattress Manufacturing Co.*, 776 F.2d at 659 (holding that the district court did not abuse its discretion by denying plaintiff's motion to compel discovery in connection with plaintiff's fee petition of the hours worked by Sealy's attorney "[w]ithout suggesting the court would have erred by compelling discovery").

*Id.* at 4-5. After analyzing the relevant case law, the court determined that the time spent by the defense counsel in preparing proposed findings of fact and conclusions of law "may well be the best measure of what amount of time is reasonable for [that] task."

5

In this case, the relevance of DuPont's counsel's billing records is dependent on the nature of the objections DuPont raised to Pollard's fee petition. In its response to Pollard's motion for attorney fees and costs incurred after the Supreme Court rendered its decision, Dupont argued, among other things, that Pollard's request for an enhanced fee for superior performance is unreasonable and that the fee petition includes hours that are "patently excessive, redundant, or unnecessary." (Def.'s Reply in Opp'n to Pl.'s Mot. for Award of Att'y Fees and Costs Regarding Work Post-U.S. Supreme Ct. at 3-4, 8.) Specifically, DuPont objected to the excessiveness of the fees requested in the fee petition for the preparation of the fee petition and argued that plaintiff's counsel's documented time for preparation of the petition should be reduced from 29.7 hours to 19.9 hours. DuPont, however, cites no basis for its conclusion that the plaintiff's attorney's time spent in preparation was excessive. Therefore, it appears that DuPont's own counsel's time spent in preparing a response to Pollard's petition for fees would serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel. In light of this court's previous decision in *Davis* and DuPont's opposition to the plaintiff's fee petition, DuPont's attorney billing statements could be relevant to demonstrate the reasonableness of the time and fees Pollard incurred in preparation for trial on the front pay issue. Accordingly, DuPont's contention that its counsel's billing information is irrelevant is without merit.

B.  Records and Documents Protected by Privilege or Work Product

The second issue is whether Baker Donelson's billing records and other related documents are privileged communications or documents protected by the work-product doctrine. The court starts its analysis with the general rule that attorney fees are not deemed privileged and are subject to discovery. *Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). Furthermore, "the fact of legal consultation or employment, clients' identities, . . . and the scope and nature of employment are not deemed privileged. (*Id.*)

The burden of demonstrating the applicability of the privilege is on the party invoking it. DuPont claims that its billing records should be an exception to the rule because they include "text related to defense counsel's thought processes, conversations, commentary, and correspondence with clients as well as proposed witnesses, and consultation with consulting experts." (Def.'s Reply in Opp'n to Pl.'s Mot. for Award of Att'y Fees and Costs Regarding Work Post-U.S. Supreme Ct. at 3-4, 8.) In response to DuPont's concerns, Pollard has agreed to allow DuPont to redact any portion of a billing related entry that involves the attorney-client privilege or work-product doctrine. Pollard's willingness to accept redacted billing statements and records renders DuPont's privilege and work-product argument moot.

C.  Burden Imposed on Defendant to Produce Subpoenaed Material

The third issue before the court is whether the subpoena served on Baker Donelson is unduly burdensome. Dupont asserts that requiring it to "edit and reproduce records, documents and

7

materials sought," to "differentiate between the Title VII front pay and the state tort issues," and to redact "privileged and otherwise protected matter, and that which is neither," subjects DuPont to an undue burden and expense that would "measurably elevate Plaintiff's Motion for Fees to precisely the type of second tier litigation over attorney's fees that the Supreme Court discourages." (Def.'s Reply in Opp'n to Pl.'s Mot. for Award of Att'y Fees and Costs Regarding Work Post-U.S. Supreme Ct. at 2.) In response to DuPont's objections, Pollard contends that the subpoena for the production of billing information is not unduly burdensome because the burden imposed on plaintiff's counsel's under section 706(k) of Title VII is no different than the normal requirement that corporate counsel keep fair and accurate time records. (Id. at 2.) Pollard claims that it would not be difficult to differentiate between the time spent working on the front pay issue and time spent in preparation for trial on the state claim because the plaintiff's counsel has done so without difficulty. (Id.)

The court is persuaded that the production of DuPont's counsel's billing records would not be an undue burden based on the plaintiff's counsel's ability to make such distinctions in support of the fee petition. Additionally, Pollard has only requested the billing information from June 4, 2002 to September 3, 2003, which is a specific and relatively short time period. The information sought by Pollard is at least minimally relevant and may be of assistance in determining the issues the court must resolve in the fee dispute. Furthermore, the court believes that the task of separating and producing relevant, redacted documents would not

8

elevate this fee dispute into a second major litigation.

D. <u>Overbreadth of Documents Sought in Subpoena</u>

The final issue raised by DuPont is that the "subpoena is ambiguous and overbroad to the extent it seeks 'any and all documents and materials . . . memorializing any and all work activity of those [enumerated] persons relative to Baker Donelson's representation of Defendant.'" (Def.'s Mot. to Quash Subpoena at 2.) DuPont argues that a literal reading of the subpoena would require the production of the "entire case file of Baker Donelson." (*Id.*)

As written, the court agrees that the request is overbroad. Accordingly, DuPont and Baker Donelson will only be required to produce Baker Donelson's actual billing records, which should include a general description of the activity performed as related to the front pay issues, the numbers of hours spent, and the billing rate of the person performing the billable activity.

CONCLUSION

In summary, the court finds that Baker Donelson's billing records are relevant and not privileged. Furthermore, the court finds that the production of defense counsel's time records is not unduly burdensome in light of the reasonably short time frame requested and the plaintiff's task of producing the same information. As to those issues, Dupont's motion to quash the subpoena is denied. However, DuPont's motion is granted to the extent that the materials requested in the subpoena are overly broad. Accordingly, the subpoena shall be limited to the production of actual billing records as set forth herein. The defendants are ordered to produce the responsive documents within

9

eleven (11) days of the date of entry of this order.

IT IS SO ORDERED this 24th day of February, 2004.

*Diane K. Vescovo*

DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 351 in case 2:95-CV-03010 was distributed by fax, mail, or direct printing on February 25, 2004 to the parties listed.

---

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
Laird Place
2080 Peabody Ave.
Memphis, TN 38104

Samuel J. Muldavin
Pillow-mcIntyre Hous
707 Adams Avenue
Memphis, TN 38105

Maurice Wexler
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
First Tennessee Bank
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Stephen D. Goodwin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
First Tennessee Bank
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
First Tennessee Bank
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Diane Vescovo
OFFICE OF MAGISTRATE JUDGE DIANE K. VESCOVO
167 N. Main St., Room 341
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT