IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHARON B. POLLARD, )
 )
    Plaintiff, )
 )
v. ) No. 95-3010 Ml
 )
E.I. DUPONT DE NEMOURS, INC., )
 )
    Defendant. )

## ORDER AFFIRMING MAGISTRATE JUDGE VESCOVO'S
## FEBRUARY 24, 2004 ORDER

Before the Court is Defendant's Objection to Magistrate's Determination and Order Denying in Part and Granting in Part DuPont's Motion to Quash Subpoena, filed March 5, 2004. Plaintiff responded in opposition on March 12, 2004.

Plaintiff's subpoena requests DuPont's billing records in this case from June 4, 2002 through September 3, 2003. Plaintiff requested these records in order to support her petition for attorney's fees in this case. Plaintiff seeks to show that the number of hours her attorney spent in preparation for the recent damages hearings, as well as her hourly rate, were reasonable. The current fee petition requests recovery of fees for work performed after the Supreme Court issued its ruling on June 4, 2001. The parties previously agreed to settle Plaintiff's requests for fees incurred prior to the Supreme Court's decision.

-1-
This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 7-9-04



The Court referred the matter to Magistrate Judge Vescovo, who concluded in her February 24, 2004 Order that Baker Donelson's billing records are relevant and nonprivileged. This Court may modify or set aside any portion of a magistrate judge's order on a nondispositive matter if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Defendant offers several arguments in support of its position that Magistrate Judge Vescovo's decision is clearly erroneous or contrary to law.

Defendant first argues that her decision fails to recognize the differing obligations, roles, and responsibilities of defense and plaintiff's counsel. In the Court's opinion, these objections to the production of Baker Donelson's billing records are more appropriately directed at the weight the Court should assign to these records when reviewing and comparing them to the billing records of Plaintiff's counsel. Johnson v. Univ. Coll. of the Univ. of Ala., 706 F.2d 1205, 1208 (11th Cir. 1983). Furthermore, defense counsel offers no case from this circuit stating that opposing counsel's records bear no relevance when evaluating the reasonableness of a plaintiff's fee petition. Magistrate Judge Vescovo's decision, therefore, is not clearly erroneous or contrary to law in this regard.

Defendant next argues that producing the subpoenaed material imposes an undue burden. Magistrate Judge Vescovo limited the production in this case to actual billing records and allowed for

the redaction of information protected as attorney client privileged and attorney work product. However, DuPont maintains that the burden of requiring it to differentiate between the time billed to the front pay issue, for which Plaintiff may recover fees, as opposed to the state tort issue, for which Plaintiff may not recover fees, is onerous because its bills were not prepared in anticipation of requiring such segregation. Magistrate Judge Vescovo concluded that requiring counsel to review its bills and produce the relevant information from the short period of time requested is not unduly burdensome. This decision is neither clearly erroneous nor contrary to law.

As part of Defendant's objection to the production of its records as unduly burdensome, DuPont also argues that Magistrate Judge Vescovo's order should have been calibrated to specific tasks based on Defendant's objections to the fee request. The only "tasks" that Defendant challenges in its brief are the amount of time Plaintiff's counsel spent preparing the fee petition, the amount of time she expended on research, and the amount of time she spent conferring with her client. However, Defendant objects to nearly every entry in the fee petition. Defendant cites "Excessive charges" as part of almost all of its objections. Therefore, it appears that Defendant generally challenges counsel's fee and expense requests as excessive. Accordingly, Judge Vescovo's decision to require Baker Donelson

to produce their billing records, without requiring a task specific breakdown, is appropriate in this case.

The Court finds that Judge Vescovo's ruling is not clearly erroneous or contrary to law. Accordingly, the Court AFFIRMS Judge Vescovo's February 24, 2004 Order. Defendant shall produce the requested billing records as provided in Judge Vescovo's order.

So ORDERED this 8th day of July, 2004.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 358 in case 2:95-CV-03010 was distributed by fax, mail, or direct printing on July 9, 2004 to the parties listed.

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Stephen D. Goodwin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Samuel J. Muldavin
707 Adams Avenue
Memphis, TN 38105

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Maurice Wexler
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT