IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHARON B. POLLARD and
JOHN A. POLLARD,

      Plaintiffs,

vs.                           NO: 95-3010 MI/V

E. I. DUPONT DE NEMOURS
and COMPANY,

      Defendant.

**CONSENT ORDER FOR DISBURSEMENT OF
ATTORNEY'S FEES AND EXPENSES
DEPOSITED INTO REGISTRY OF THE COURT**

Before the Court is Plaintiff's Motion for Order for Disbursement of Attorneys' Fees and Expenses heretofore deposited into Registry of the Court, filed February 22, 2005. Specifically, the Court has by Order entered February 23, 2005, granted Defendant's Motion for Leave to Deposit in the Registry of the Court the amount heretofore awarded Plaintiff by Court for Attorney's Fees and Expenses. This aggregate amount of $327,740.34 is composed of attorney's fees in the amount of $301,476.50 and expenses in the amount of $26,263.84.

Plaintiff now seeks an Order for disbursement of said funds. The United States Treasury, Internal Revenue Service, has submitted a Release of Property

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-2-05

for Levy, a copy of which is attached hereto as Exhibit "A". Good cause having been shown, the Court GRANTS the instant motion.

**IT IS ORDERED** that the Clerk of the Court disburse the funds received and deposited into the Registry of this Court as follows:

1. A check payable to Sharon B. Pollard in the sum of $23,912.39 for expenses advanced and awarded.

2. A check payable to Kathleen L. Caldwell in the sum of $2,351.45 for expenses advanced and awarded.

3. A check payable to Kathleen L. Caldwell in the sum of $39,000.00 for award of attorney's fees.

4. A check payable to the U. S. Treasury, Internal Revenue Service in the sum of $262,476.50, which funds represent the balance of attorney's fees awarded to Kathleen L. Caldwell and which are subject to levy heretofore executed. Upon payment of these checks, the funds on deposit should be reduced to zero and the levy satisfied as to the funds on deposit.

**SO ORDERED** this _2_ day of ~~April~~ May, 2005.

_____
**JON P. McCALLA**
**United States District Judge**

APPROVED:

_____
Kathleen L. Caldwell, 9916
Attorney for Plaintiff
2080 Peabody Avenue
Memphis, TN 38104

_____ 4/26/05
Maurice Wexler
Angie Davis
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
2000 First Tennessee Building
165 Madison Avenue
Memphis, TN 38103

3

Amount of Kathleen L. Caldwell will be disbursed as follows:

| | |
|---|---|
| $_____ | to Internal Revenue Service for current taxes (1st Quarter 2005). |
| $14,000.00 | to Burch, Porter & Johnson for attorney's fees (Kathleen L. Caldwell v. Alayne Adams). |
| $25,000.00 | to Sam Muldavin for attorney's fees (Kathleen L. Caldwell re: BPR) |
| $_____ | Total to Kathleen L. Caldwell |

| Form **668-D** (Rev. December 2001) | Department of the Treasury - Internal Revenue Service **Release of Levy/Release of Property from Levy** |
|---|---|

| To<br><br>Clerk of the Court<br>Robert R. Ditrolio<br>167 N Main<br>Toom 242<br>Memphis, TN 38103 | Taxpayer(s)<br>Kathleen L. Caldwell<br>1876 Central Ave.<br>Memphis, TN 38104 |
|---|---|
| | Identifying Number(s)<br>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 |

A notice of levy was served on you and demand was made for the surrender of:

☐ all property, rights to property, money, credits and bank deposits of the taxpayer(s) named above, except as provided in 6332(c) of the Internal Revenue Code--"Special Rule For Banks." See Page 2 regarding this exception.

☐ wages, salary and other income, now owed to or becoming payable to the taxpayer(s) named above.

**The box checked below applies to the levy we served on you.**

## Release of Levy

☐ Under the provisions of Internal Revenue Code section 6343, all property, rights to property, money, credits, and bank deposits of the taxpayer(s) named above are released from the levy.

☐ Under the provisions of Internal Revenue Code section 6343, all wages, salary and other income now owed to or becoming payable to the taxpayer(s) named above are released from the levy.

## Release of Property from Levy

☒ Under the provisions of Internal Revenue Code section 6343, all property, rights to property, money, credits, and bank deposits ☒ **greater than** ☐ **less than** $262,476.50 are released from the levy. The levy now attaches only to this amount.

☐ The last payment we received from you was _ dated _. The amount the taxpayer still owes is . When this amount is paid to the Internal Revenue Service, the levy is released. If you sent us a payment after the last payment date shown, subtract that from the amount you send now.

☐ Under the provisions of Internal Revenue Code section 6343, all wages, salary and other income ☐ **greater than** ☐ **less than** each now owed to or becoming payable to the taxpayer(s) named above are released from the levy.

Dated at 22 N. Front Street, STE 400, , Memphis, TN 38103                                                                                   April 20, 2005
              (Place)                                                                                                                                                 (Date)

| Signature<br><br>Marlene C. Eady  *Marlene C. Eady* | Telephone Number<br><br>(662) 252-7435 | Title<br><br>Revenue Officer |
|---|---|---|

Part 1 - To Addressee                                                                                                                    Form 668-D (DO/CG) (Rev. 12-2001)

## Sec. 6332 Surrender of Property Subject to Levy

(c) **Special Rule for Banks.**—Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (include interest thereon) in such bank only after 21 days after service of levy.

* * * * * * * * * *

## Sec. 6343 Authority to Release Levy and Return Property

(a) **Release of Levy and Notice of Release.**—
(1) **In general.**—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—
    (A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
    (B) release of such levy will facilitate the collection of such liability,
    (C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
    (D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
    (E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.
For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.
(2) **Expedited determination of certain business property.**—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.
(3) **Subsequent levy.**—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) **Return of property.--**
If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return...an amount equal to the amount of money levied upon...any time before the expiration of 9 months from the date of such levy...

(d) **Return of Property in Certain Cases.**--If--
    (1) any property has been levied upon, and
    (2) the Secretary determines that--
        (A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
        (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
        (C) the return of such property will facilitate the collection of the tax liability, or
        (D) with the consent of the taxpayer of the Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed ....

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 383 in case 2:95-CV-03010 was distributed by fax, mail, or direct printing on May 2, 2005 to the parties listed.

---

Maurice Wexler
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Eugene J. Podesta
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Samuel J. Muldavin
707 Adams Avenue
Memphis, TN 38105

Stephen D. Goodwin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Honorable Jon McCalla
US DISTRICT COURT